UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN BROWN,

                Plaintiff,

      V.                                   Case 15-C-1191

Beverly Felten, Donald Stonefeld,
and John Doe.

                Defendant.

---

CIVIL RIGHT COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. §1983,1988.

---

The plaintiff, Calvin Brown, (pro se), moves this Court under the Civil Rights Act pursuant to Titles 42 U.S.C. §1983, and 1988 under state and federal law.

### I PLACE OF PRESENT CONFINEMENT:

Stanley Correctional Institution (SCI), 100 Corrections Drive, Stanley, WI 54768.

    A. Is there a grievance procedure at the facility where complained of act occurred. **Yes.**

    B. Have you filed a grievance concerning the acts relating to your complaint. **Yes.**

    C. If you have used the grievance process:

        i Describe what you did and the result if any:
        **Plaintiff mailed grievance by certified mail but defendants refused to reply. (Exh. A,B & C).**

        ii. Is the grievance process completed? **Yes.**

    D. If you did not use the grievance process, explain why not: **Does not apply.**

II. PARTIES:

**PLAINTIFF**

    A. Plaintiff, Calvin Brown #317946 (Brown) is currently residing at Stanley Correctional Institution, 100 Corrections Drive, Stanley, WI 54768.

**DEFENDANTS**

    A. Defendant Beverly Felten is currently employed as Nurse Practitioner at the Milwaukee County House of Corrections, 8885 South 68th Street, Franklin, WI 53132.

    B. Defendant Donald Stonefeld is currently employed as an MD at the Milwaukee County Jail, 901 Nth 9th Street, Milwaukee, WI 53233.

    C. John Doe was an employee at the Milwaukee County House of Corrections, 8885 South 68th Street, Franklin, WI 53132.

III. PREVIOUS LAWSUITS:

    A. Have you begun other lawsuits in state or federal court relating to the same facts involved in this action. **No.**

    B. Have you begun other lawsuits in state/federal court relating to your imprisonment. **No.**

    C. If your answer is yes to either of the above questions, provide the following information: **Does not apply.**

IV. JURISDICTION:

    A. This action is brought pursuant to 42 U.S.C. § 1983, 1988, and the 1st, and 8th Amendments of the United States Constitution. This Court has jurisdiction based upon 28 U.S.C. § 1331, 1343, 1338 and §13679(a).

    B. The amount in controversy exceeds Ten Thousand (10,000,00) Dollars.

V. STATEMENT OF FACTS:

**A. PLAINTIFF WAS SUBJECTED TO DELIBERATE INDIFFERENCE WHERE JAIL'S MENTAL HEALTH TREATMENT PROGRAM WAS INADEQUATE RESULTING IN MISDIAGNOSIS AND SEVERE HARM FROM PSYCHOTIC MEDICINE.**

    1. Plaintiff was housed at the Milwaukee County Jail on 11/2/09.

2

2. On 11/3/09, Plaintiff was seen by psychiatric social worker Elysia Skaaning for a mental health assessment. (Exh. D, Attached).

3. During the assessment Plaintiff informed Skaanning that he may be emotionally disturbed, sometimes have bad thoughts, but had no history of psych treatment. (Exh. D).

4. Skaanning conceded that Plaintiff was not suicidal, could remain in general population, and referred Plaintiff to the psych MD for a medicine eval. (Exh.D).

5. In December of 2009, Plaintiff was transferred to the Milwaukee House of Corrections.

6. On 12/28/09, Plaintiff was seen by the defendant Felten placed Plaintiff on psych custody because Plaintiff stated he has thoughts of hurting people when he gets angry or threaten, and he had pass suicide attempts. (Exh. E, Attached).

8. Defendant Felten had Plaintiff forcefully injected with medicines and givens 2mg of ativan, rendering Plaintiff unconscious. (Exh. E).

9. Defendant Felten ordered that Plaintiff be given 1 mg of resperdine on 12/28/09 and 2 mg of risperdine from 12/31/09 until 1/2/09. Risperdine is a psychotic medication for schizophrenia. (Exh. F, Attached).

10. Defendant Felten also ordered plaintiff be given 50 mg a day of sertraline from 12/28/09 until 1/6/10, and 100 mg of sertraline a day from 1/7/10 until 4/6/10. Sertraline (Zoloft) is a anti-depressant. (Exh.F).

11. On 12/29/09, Plaintiff woke up back at the Milwaukee County Jail where he was scene by Defendant Donald Stonefeld. The Plaintiff informed Stonefeld that he was not talking about hurting others like he would act on it, he did not tell defendant Felten he was actively thinking of hurting himself, and just wanted to discuss his problems. (Exh. G Attached).

12. Stonefeld concluded that plaintiff was calm, rational, and not psychotic. (Exh. G)

13. Stonefeld also concluded that defendant Felten over-reacted to Plaintiff's comments, had no psych background and was not equipped to determine whether plaintiff's thoughts were of impeding danger or he wanted to discuss and understand. (Exh.G ).

14. Stonefeld did not discontinue any of the psychotic medications ordered by Felten for Plaintiff. (Exh.G).

3

15. Plaintiff began suffering involuntary muscle spasms in his back, chest, arms, and legs. Plaintiff's muscles would often lock in severe pain. Plaintiff continues to to suffer these muscle spasms.

16. Plaintiff also suffered trimmers in his face, chest, and legs. Plaintiff continues to suffer these trimmers.

17. Plaintiff begun having terrifying hallucinations, were he would see and hear family members who have passed away, and seeing animals and insects.

18. Plaintiff also begun having severe headaches, insomnia, rapid and irregular heartbeat, anxiety, agitation, and constipation. Plaintiff continues to suffer severe headaches.

19. Plaintiff was also taking ranitidine during the entire period he was taking resperdine. According to Thomson. com/micromedex2, taking ranitidine and resperdine is dangerous and even life threatening.

20. Felten did not discontinue the ranitidine when ordering resperdine, and never informed plaintiff of the danger of taking both. (Exh. E & F).

21. Stonefeld did not inform plaintiff of the dangers of taking ranitidine and resperdine, or discontinue the ranitidine. (Exh. G).

22. Plaintiff complained to nurses several times regarding the problems he had with resperdine and sertraline.

23. On 3/24/10, Dr. Stonefeld ordered that the resperdine be discontinued because Plaintiff developed the shakes. Stonefeld ordered that Plaintiff be given 5 mg of fluphenazine daily. (Exh. H, Attached).

24. On 6/15/10, Plaintiff was seen by Dr. Drinka, who documented that plaintiff stated his arms and legs hurt from taking fluphenazine, he developed tremors, and believes that neither sertraline or fluphenazine is helpful. (Exh. I, Attached).

25. Drinka also documented that Plaintiff denied any suicidal or passive thoughts of death, has auditory hallucinations intermittently which interferes with falling asleep, and taking resperdine caused shaking. (Exh. I).

26. Drinka concluded that Plaintiff's descriptions of hallucinations were unconvincing but worthy of further monitoring, and his mental status might at least be partially due to fluphenazine. (Exh. I ).

27. Drinka also noted Plaintiff's request to stop

4

psychiatric meds which Drinka concurred, and prescribed
Plaintiff amitriptyline to help him with staying
asleep. (Exh. I).

28. after being taken off of the psychiatric meds, Plaintiff
hallucinations slowly stopped.

29. On 12/28/09, Plaintiff was left to be screened, evaluated,
and diagnosed by NP Felten where the Milwaukee House of
Corrections did not have psychiatrist or psychologist
on call to properly evaluate mental patients. (Exh.E & F).

30. No certified psychiatrist or psychologist verified,
approved, or evaluated Felten's order or reasons for
prescribing psychotic meds to Plaintiff.

31. Felten's diagnoses and prescription was not evaluated
and deemed incorrect until Plaintiff was transferred
to other facilities where Dr. Stonefeld and Dr. Drinka
discontinued Felton's order and psychotic meds.
(Exh. G,H & I).

### VI. VIOLATIONS OF LAW.

32. The Plaintiff incorporates the facts in paragraphs 1-31
herein agaist all defendants.

33. The actions of defendant Felten displayed deliberate
indifference to Plaintiff's health causing serious
pain thereby constituting cruel and unusual punishment
under the Eighth Amendment of the U.S. Constitution
by wrongly, grossly, maliciously, and intertionally
rendering diagnosis and prescribing psychotic meds when
unqualified to do so, and endangering Plaintiff's life
by not preventing dangerous compounding medicine.
See Waldrop V. Evans, 871 F.2d 1030, 1036 (11th Cir.
(non-psychiatrist was not competent to evaluate the signi-
ficance of a prisoner's suicide gesture; prison
officials must "inform competent authorities" of
medical or psychiatric needs) (emphasis added),
Toussaint V. McCarthy, 801 F.2d 1080, 1111-12 (medical
technical assistants, registered nurses and inmates
cannot lawfully render services they are not
qualified for).

34. The actions of defendant Stonefeld displayed deliberate
indifference to Plaintiff's health causing serious
pain thereby constituting cruel and unusual punsihment
under the Eighth Amendment of the U.S. Constitution
by not discontinuing psych medicine ordered for Plain-
tiff, prescribing another psychotic medicine, and
failing to discontinue dangerous compound drug.

However, Stonefeld may not be liable if the medical
system at the Milwaukee County House of Corrections
was so inadequate that Stonefeld was not notified

5

that defendant Felten prescribed psychotic medicine for petitioner and Felten did so while Plaintiff was on dangerous compound drug ranitidine. See Greason V. Kelp, 891 F.2d 829, 837-40 (11th Cir. 1990) (prison clinic director, prison system mental health director, and prison warden could be found deliberately indifferent based on their knowing toleration of a "clearly inadequate" mental health staff). (Empasis in Original).

35. The actions of defendant John Doe displayed utter deliberate indifference to Plaintiff's health causing serious pain thereby constituting cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution by knowingly, intentionally, and maliciously implemented, tolerated, and turned a blind eye to a clearly inadequate mental health system resulting in misguided treatment of plaintiff causing permanent damage and could have killed Plaintiff.

**VII. DAMAGES**

Award compensatory damages to plaintiff in the following amounts:

　　i. 200,000 against defendant Felten for unlawful acts against Plaintiff causing serious physical and emotional distress, pain and suffering, pass pain, loss of the enjoyment of life, and permanent bodily injury.

　ii. 100,000 against defendant Stonefeld for unlawful acts against Plaintiff causing injury, past pain, mental and psychological anguish, personal humiliation, and permanent injury.

　iii. 250,000 against defendant John Doe for allowing an inadequate mental health system which caused Plaintiff permanent injury, past injury, undue stress, anxiety, pain and suffering, and emotional injury.

**VIII. CONDITION OF PRECEDENT**

All conditions precedent to this lawsuit within the meaning of Rule 9C of the Federal Rules of Civil Procedure have been performed or have otherwise occurred.

IX. Wherefore, Plaintiff demands judgment awarding compensatory and punitive damages in an amount determined just by this Court against the individually named defendants, awarding the

6

Plaintiff the reasonable costs and his out of pocket expenses and granting Plaintiff such other and further relief as may be just.

## X. DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury of all issues triable of right to a jury in this action.

Dated this 4, of October, 2015.

Submitted By, *Calvin Brown*
CALVIN BROWN

ARGUED BY:

WALTER SMITH #186894
S.C.I.
100 CORRECTIONS DRIVE
STANLEY. WI 54768