# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CALVIN BROWN**,

                Plaintiff,

v.                                          **Case No. 15-cv-1191-pp**

**BEVERLY FELTEN, et al.**,

                Defendants.

## DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 3) AND SCREENING THE PLAINTIFF'S COMPLAINT

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights while he was incarcerated at the Milwaukee County Jail and the Milwaukee County House of Corrections. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and screens the plaintiff's complaint.

I.    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the

1

initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 20, 2015, the court ordered the plaintiff to pay an initial partial filing fee of $11.25. Dkt. No. 6. The plaintiff paid that fee on November 3, 2015. The court grants the plaintiff's motion for leave to proceed *in forma pauperis*, and allows him to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

**II.    SCREENING OF THE PLAINTIFF'S COMPLAINT**

    A.    Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic

recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v.

3

Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. Facts Alleged in the Complaint

The complaint alleges that, on November 3, 2009, at the Milwaukee County Jail, social worker Elysia Skaaning assessed his mental health. Dkt. No. 1 at 3. During the assessment, the plaintiff informed Skaaning that he may be emotionally disturbed and sometimes had bad thoughts, although he had no history of psych treatment. Id. Skaaning decided the plaintiff could stay in the general population, but referred him to the psych doctor for evaluation. Id.

In December 2009, the plaintiff was transferred to the Milwaukee County House of Corrections. Id. Nurse Practitioner Beverly Felten screened, evaluated, and diagnosed the plaintiff because the Milwaukee County House of Corrections did not have a psychiatrist or psychologist on call to evaluate mental patients. Id. at 5. On December 28, 2009, Felten placed the plaintiff on psych custody after the plaintiff stated that he had thoughts of hurting people when he got angry or felt threatened, and that he previously had attempted suicide. Id. Felten allegedly had the plaintiff injected with medication, including Ativan, that caused him to lose consciousness. Id. In addition, Felten ordered on December 28, 2009 that the plaintiff be given one milligram of "respirdine," a psychotic medication for schizophrenia, and that she ordered that he receive two milligrams of respiridine from December 31, 2009 through January 2, 2010. Id. Felten also ordered that the plaintiff be given 50 milligrams a day of "sertraline" (an anti-depressant) from December 28, 2009 through January 10,

4

2010, and that he receive 100 milligrams of sertraline between January 7 and April 6, 2010. Id. No certified psychiatrist or psychologist verified, approved, or evaluated Felten's order or the reasons for the order. Id at 5.

On December 29, 2009, the plaintiff "woke up back at the Milwaukee County Jail," where Donald Stonefeld examined him. Id. at 3. The plaintiff alleges that he told Stonefeld that he had only wanted to talk about his problems; he was not going to act on his feelings toward others, and he had no current thoughts of hurting himself. Id. The plaintiff states that Stonefeld concluded that Felten had overreacted to the plaintiff's comments, had no psych background, and was not equipped to "determine whether plaintiff's thoughts were of impe[n]ding danger or he wanted to discuss and understand." Id. Despite these conclusions, Stonefeld did not discontinue the medications Felten had ordered. Id.

As a result of the medications, the plaintiff suffered involuntary muscle spasms in his back, chest, arms, and legs. Id. at 4. His muscles would often lock in severe pain. Id. He also suffered tremors in his face, chest, and legs. Id. The plaintiff alleged that he continues to suffer from these effects. Id. The plaintiff states that he began having terrifying hallucinations, severe headaches, insomnia, rapid and irregular heartbeat, anxiety, agitation, and constipation. Id. The plaintiff continues to suffer severe headaches. Id.

While the plaintiff was taking respirdine and sertraline, he was also taking "ranitidine." Id. "According to Thompson" (the plaintiff does not explain who Thompson is), the combination of "resperdine" (the plaintiff spells this

5

medication differently throughout his complaint) and ranitidine is dangerous and can be life threatening. Id. The plaintiff states that Stonefeld did not inform plaintiff of the danger, nor did Stonefeld discontinue the ranitidine. Id.

The plaintiff complained to nurses about the effects of the resperdine and sertraline. Id. On March 24, 2010, Stonefeld discontinued the resperdine because the plaintiff had "developed the shakes." Id. Stonefeld prescribed "fluphenazine" instead. Id.

On June 15, 2010, Dr. Drinka, determined that neither sertraline nor fluphenazine was helpful. Id. He documented that the plaintiff denied any suicidal or passive thoughts of death, concurred with the plaintiff's request to stop the psychiatric medications, and prescribed "amitriptyline" to help the plaintiff sleep. Id at 4-5. The plaintiff states that after he stopped taking the psychiatric medications, his hallucinations slowly stopped. Id at 5.

The plaintiff seeks compensatory and punitive damages.

C.  Legal Analysis of Alleged Facts

A plaintiff who seeks to state an Eighth Amendment claim based on improper medical care must demonstrate two elements: "1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (citing Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006)).

The plaintiff has alleged that defendant Felten misdiagnosed his mental/emotional condition (and that she was not qualified to correctly diagnose it), and that the result was that she prescribed medications which

6

caused him to have extreme physical reactions. The court finds that these allegations are sufficient to allow him to proceed on an Eighth Amendment claim against Felten—he has alleged a serious medical condition, and his allegation that Felten was not competent to diagnose or treat him supports a preliminary claim of deliberate indifference.

The plaintiff has alleged that defendant Stonefeld acknowledged that the medications Felten had prescribed were inappropriate, and acknowledged that Felten was not qualified to diagnose or treat the plaintiff. He has alleged that, despite these acknowledgements, defendant Stonefeld did not discontinue the medications which were causing the plaintiff's physical symptoms. These allegations are sufficient to allow him to proceed on an Eighth Amendment claim against Stonefeld.

The complaint contains no allegations about a "John Doe." Accordingly, the court dismisses "John Doe" as a defendant.

### III.   CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3). The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $338.75 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary

7

of the Wisconsin Department of Corrections or his designee shall clearly identify the payments by the case name and number assigned to this action.

The court **ORDERS** that defendant John Doe, Employee at the Milwaukee County House of Corrections, is **DISMISSED** as a defendant.

The court **ORDERS** that the plaintiff may proceed on Eighth Amendment deliberate indifference claims against defendants Beverly Felten and Donald Stonefeld.

The court **ORDERS** that pursuant to the informal service agreement between Milwaukee County and this court, copies of the plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on Beverly Felten and Donald Stonefeld.

The court **ORDERS** that, pursuant to the informal service agreement between Milwaukee County and this court, Beverly Felten and Donald Stonefeld shall file a responsive pleading to the complaint within **sixty (60) days** of receiving electronic notice of this order.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk,

the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The court further advises plaintiff that if he does not timely file documents, the court may dismiss his case for failure to prosecute.

In addition, the parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send copies of this order to the warden of the institution where the inmate is confined.

Dated in Milwaukee, Wisconsin this 10th day of November, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge