**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**CALVIN BROWN**,

                        Plaintiff,

    v.                                    **Case No. 15-cv-1191-pp**

**BEVERLY FELTEN and**
**DONALD STONEFELD,**

                        Defendants.

---

### ORDER DENYING PLAINTIFF'S MOTION TO STOP TAKING OF DEPOSITION (DKT. NO. 32) AND GRANTING DEFENDANT FELTEN'S AMENDED MOTION FOR HIPAA ORDER (DKT. NO. 34)

---

On July 8, 2016, the plaintiff filed a motion asking the court to enter an order preventing defendant Beverly Felten from deposing him and preventing discovery of his health records until his privacy concerns are addressed. Dkt. No. 32. Felten responded to the motion on July 11, 2016. Dkt. No. 33. Also on that day, Felten filed an amended motion for entry of a HIPAA order. Dkt. No. 34. The court will address each motion in turn.

I.    <u>The Plaintiff's Motion Asking the Court to Order that the Deposition Not Take Place (Dkt. No. 32)</u>

On July 8, 2016, the plaintiff filed a motion seeking to stop Felten's counsel from deposing him on July 14, 2016. Dkt. No. 32. He also seeks a protective order with respect to his health records. <u>Id</u>. The plaintiff argues that Felten should not be allowed to depose him because Felten did not get the court's permission to do so. <u>Id</u>. In addition, he complains that Felten's counsel

1

intends to depose him beyond the seven-hour limit set by the Federal Rules of Civil Procedure. Id. Finally, the plaintiff asks the court to recruit counsel for the limited purpose of representing him at the deposition. Id.

In response, Felten explains that, in accordance with the court's April 13, 2016 Scheduling Order (Dkt. No. 24), she served the plaintiff via certified mail with a notice of deposition on June 28, 2016, setting the deposition for July 14, 2016. Dkt. No. 33. Someone at the plaintiff's institution accepted the notice on July 2, 2016. Id. Subsequently, the institution notified Felten's counsel that it would limit the July 14, 2016 deposition to two hours. Id. Felten explains that, if her counsel is unable to finish the deposition within those two hours, counsel intends to adjourn the deposition and continue it to a different time and date that are convenient to the parties. Id. She explains that she will do so only until the seven-hour limit allowed by the Federal Rules of Civil Procedure is exhausted. Id.

The court concludes that Felten properly noticed the plaintiff's deposition as required by the court's prior order. In addition, the court accepts Felten's representations that her counsel intends to abide by the seven-hour limit in Fed. R. Civ. P. 30(d)(1). In any event, it appears that the currently-scheduled deposition will not last more than two hours, which is less than the maximum amount allowed by Rule 30(d)(1). The court will deny the plaintiff's request to stop Felten's counsel from deposing him on July 14, 2016.

The plaintiff also asks that the court order Felten to stop asking him for his health records until Felten addresses the court's concerns about

2

maintaining the confidentiality of those records. Since June 13, 2016—the day the court issued the order expressing those concerns (Dkt. No. 30)—Felten has filed an amended motion seeking the entry of a protective order, which the court will grant. As discussed later in this decision, the court finds that Felten's revised proposed order adequately addresses its confidentiality concerns. For that reason, the court will deny the plaintiff's request as moot. The plaintiff has placed his health at issue in this case, and, subject to the confidentiality provisions Felten now has offered, Felten is entitled to have access to the plaintiff's health records so that she can defend against his claims. The court will require the plaintiff to provide Felton with his medical records subject to the protective order, which the court will issue separately.

Finally, the plaintiff asks the court to recruit counsel for the limited purpose of assisting him during the deposition. Id. He explains that he does not know the relevant rules or procedures and therefore has no way of evaluating what questions are appropriate or what questions he should not answer. Id. The plaintiff goes on to explain that his "entire civil rights action is only at the behest of another inmate name[d] Walter Smith #186894, who resides at Stanley Correctional with [the plaintiff] and who prepared this motion on [the plaintiff's] behalf." Id.

It is unclear to the court what the plaintiff means when he states that his lawsuit is "at the behest" of another inmate. The court understands the expression "at the behest of" to mean "in response to the order issued by," or "in response to the urgent prompting of." So when the plaintiff says that he

filed his lawsuit "at the behest of" inmate Smith, the court's knee-jerk understanding of that statement is that the plaintiff filed his lawsuit because inmate Smith ordered him to, or begged him to.

If that is what the plaintiff meant, the assertion concerns the court. The plaintiff has signed each of the pleadings he filed. When a party puts his signature on a pleading, he is assuring the court that his case is not being presented for any improper purpose and that his factual contentions have evidentiary support (or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery). See Fed. R. Civ. Pro 11(b). If the plaintiff didn't really want to file this lawsuit, and did it only because someone ordered him to or begged him to, he should not continue with the lawsuit; he should file a motion asking the court to voluntarily dismiss his case. If, on the other hand, it was his decision alone to file the lawsuit, and he wants to pursue it, then he should understand that he—and he alone—is accountable for the information in the pleadings.

The court suspects, though, that what the plaintiff really meant to say is that the only reason he has been able to proceed as far as he has in this lawsuit is that he has received the assistance of inmate Smith in drafting his pleadings. The plaintiff is free to ask others for help with the drafting his pleadings. But while non-lawyer inmates can help another inmate type up the pleadings he wants to file, non-lawyers cannot defend depositions on behalf of other inmates. The court suspects that the plaintiff made reference to inmate Smith for the purpose of pointing out, not that Smith ordered him, or begged

4

him, to file this lawsuit, but for the purpose of letting the court know that while he'd had help with drafting his pleadings, he wouldn't be able to rely on that same help in defending his deposition. Thus, the plaintiff asked the court to appoint counsel to represent him at the deposition.

The court has discretion to decide whether to recruit a lawyer for someone who cannot afford one and is not able to represent himself. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). A plaintiff may demonstrate this effort by providing the court with the names of at least three attorneys that he has contacted, along with copies of the attorneys' responses to his requests, when possible. Once a plaintiff satisfies the court that he has tried on his own to find counsel, the court will evaluate "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

Here, the plaintiff has not satisfied the first step in the Pruitt process. He has not demonstrated to the court that he tried to hire counsel on his own. The

court will deny the plaintiff's request that the court recruit counsel to represent him at the upcoming deposition.

The court directs the plaintiff to Fed. R. Civ. Pro. 30(c)(2), which explains that a party who objects "to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition" may note his objection on the record. The rule goes on to require, however, that the deposition continue, with the understanding that the testimony is given subject to the objection. In other words, if the plaintiff objects to a particular question during the deposition, he may concisely state in a non-argumentative way why he objects to that question, but he must still answer the question. His answer will be subject to his objection.

If a dispute arises at the deposition which the parties cannot resolve, they may place a joint call to the court (if allowed by the institution), and if I am available, I will decide the dispute over the phone at that time.

II.     The Defendant's Amended Motion for a HIPAA Protective Order (Dkt. No. 34)

On June 8, 2016, Felten filed a motion seeking entry of a Health Insurance Portability and Accountability Act (HIPAA) order. Dkt. No. 28. Felten explained that the complaint alleges that the plaintiff suffered from various conditions as a result of improper medical care while incarcerated at the Milwaukee County Jail. She stated that, in order to defend against the plaintiff's allegations, she requires access to his medical records. She asked the court to enter a protective order authorizing the release of his health records. The court denied Felten's motion without prejudice because it had concerns

6

about the extensiveness of Felten's contemplated disclosure of the health records and because the proposed order lacked a provision requiring counsel take steps to protect the confidentiality of the health records. Dkt. No. 30. The court allowed Felten the opportunity to address the court's concerns and file a revised proposed protective order.

On July 11, 2016, Felten availed herself of this opportunity. Dkt. No. 34. Felten's revised proposed protective order is consistent with the Stipulated Protective Order Template located in the appendix to the Eastern District of Wisconsin's Local Rules and also is consistent with the sample HIPAA Qualified Protective Order accepted by the United States District Court for the Northern District of Illinois. The court concludes that this proposed order adequately protects the plaintiff's health information, and so it will grant Felten's amended motion for entry of the HIPAA order. Dkt. No. 34. The court will enter the order separately from this decision.

The court notes that, given that the plaintiff's deposition is scheduled for July 14, 2016, he is unlikely to receive the court's order before the deposition. As such, the court encourages Felten's counsel to bring a copy of this order to the deposition for the plaintiff's review.

*Conclusion*

The court **DENIES** the plaintiff's "Motion to Order Officer to Cease Taking of Deposition and for a Protective Order of Discovery of Plaintiff's Health Records Pursuant to Federal Rule of Civil Procedure Rules 30(d)(4) & 26(c)(4)" (Dkt. No. 32).

The court **GRANTS** defendant Beverly Felten's amended motion for entry of a HIPAA order for plaintiff (Dkt. No. 34). The court will enter the HIPAA order separately from this decision.

Dated in Milwaukee, Wisconsin this 13th day of July, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge