**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**CALVIN BROWN**,

                    Plaintiff,

        v.                                          **Case No. 15-cv-1191-pp**

**BEVERLY FELTEN and**
**DONALD STONEFELD,**

                    Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION TO POSTPONE FILING OF SUMMARY JUDGMENT AND RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (DKT. NO. 53)

---

The plaintiff, who is representing himself, has filed a motion asking the court to "defer considering motion for summary judgment until all facts plaintiff needs to file summary judgment or respond to the defendants' motions are made available to plaintiff." Dkt. No. 54 at 1.

This request is really a motion asking the court to reconsider its September 6, 2016 decision granting the defendants' motion for a protective order. Dkt. No. 48. In that decision, the court held that the defendants did not have to respond to the plaintiff's discovery requests, which he had served just days before the discovery deadline. Id. at 3. The court affirmed that decision in a separate order that it entered on September 12, 2016. Dkt. No. 51.

The plaintiff now argues that he is "prevented from filing [a] summary judgment motion or responding to defendants' summary judgment motions without [his] discovery requests being granted." Dkt. No. 54 at 1. He relies on Fed. R. of Civ. Pro. 56(d), which states:

1

> If a nonmovant shows by affidavit or declaration that, *for special reasons*, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> > (3) issue any other appropriate order.

(emphasis added).

The court begins by noting that the deadline to file dispositive motions was August 17, 2016. Dkt. No. 24. So it is too late for the plaintiff to file his own motion for summary judgment; that deadline expired more than a month ago.

As to the defendants motions, defendant Stonefeld filed a motion for judgment on the pleadings or, in the alternative, a motion for summary judgment on August 16, 2016 (Dkt. No. 40), and defendant Felten filed a motion for summary judgment the next day (Dkt. No. 43). That means that the plaintiff's responses to those motions were due on September 16 and 17, respectively. According to the date on the plaintiff's motion, he prepared his motion on September 14, 2016, just days before his responses were due. The court received the plaintiff's motion on September 19, 2016, *after* his responses were due.

The court will deny the plaintiff's motion for two reasons. First, he has not shown that any *special reasons* prevent him from presenting essential facts in support of his response to defendants' motions. The reason that the plaintiff does not have the discovery he seeks is because he served his discovery requests late. The court has explained in two separate orders that the plaintiff

had ample time to request an extension of the discovery deadline, but did not. The fact that the plaintiff does not have the documents and information he indicates that he needs is the result of his failing to timely ask for them.

The plaintiff asserts that he has been diligently pursuing his case and that the only reason he didn't request an extension is because he misunderstood the court's scheduling order, which gave the date by which the parties were to *complete* discovery; the plaintiff thought the deadline was the date by which he had to *serve* discovery. This argument fails. In early August, the defendants filed a motion for a protective order, arguing that the plaintiff's discovery requests were untimely. Rather than immediately contacting the court to explain his confusion about the scheduling order and request an extension of the discovery deadline, the plaintiff waited two weeks[1] before filing a motion seeking an extension of the deadline by which he was to respond to the defendants' motion for a protective order (he did not request an extension of the discovery deadline). Dkt. No. 49.

By that time, the court already had ruled on the defendants' unopposed motion (the plaintiff's motion for an extension of time arrived at the court two weeks *after* the deadline for his response) and both defendants had filed dispositive motions. In denying the plaintiff's motion for an extension of time, the court explained that, "when a party realizes that he is going to need more time, he needs to ask for it immediately." Dkt. No. 51. The plaintiff's failure to

---

[1] Although the court did not receive the motion until September 6, 2016, the plaintiff prepared and attempted to mail the motion on August 22, 2016

act promptly is his fault and does not satisfy the "special reasons" contemplated by Fed. R. Civ. Pro 56(d).

Even assuming the plaintiff could identify "special reasons" *why* he does not have certain documents and information, it is unclear to the court *what* those documents and information are. The plaintiff states that he seeks documents that "can absolutely disprove" the defendants' assertions. Dkt. No. 54 at 3. He does not identify what these documents are or how he knows that they are in the defendants' possession.

This case is about the plaintiff's medical care. The defendants have argued that the plaintiff failed to exhaust his administrative remedies and that the plaintiff's claims fail as a matter of law. In support of their arguments, the defendants rely on documents the plaintiff attached to his complaint, excerpts from the plaintiff's deposition, and the plaintiff's medical records. The defendants attach all of these documents to their motions. In addition, the plaintiff has access to the remainder of his medical records that are not attached to the defendants' motions. The plaintiff makes no attempt to identify what other documents exist that would be relevant to his claims, and courts do not allow parties to just ask for whatever may be out there in the hopes that they can find something which will help their case.

To the extent the plaintiff has personal knowledge of the events giving rise to his claims, he may support his response to the defendants' motions by including his version of the events in an affidavit or unsworn declaration. See 28 U.S.C. §1746 (an unsworn declaration should conclude with the following

4

language: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [DATE]. [SIGNATURE]."

In short, the court will not reconsider its decision that the defendants do not have to respond to the plaintiff's untimely discovery requests, and therefore will deny the plaintiff's motion to defer ruling on their motions.

As already discussed, the plaintiff's deadlines to respond to the defendants' motions has passed. However, the court will give the plaintiff until **November 4, 2016**, to file his responses to those motions. If the plaintiff determines that he needs additional time to prepare his responses, he should promptly notify the court and provide specific reasons why additional time is needed.

The court **DENIES** the plaintiff's motion "to postpone filing of summary judgment and response to defendants' motions for summary judgment" (Dkt. No. 53).

The court **ORDERS** that the plaintiff shall respond to the defendants' dispositive motions (Dkt. Nos. 40, 43) by the end of the day on **November 4, 2016**. The plaintiff must mail his responses in time for the court to receive them by the end of the day on November 4, 2016.

Dated in Milwaukee, Wisconsin this 22nd day of September, 2016.

BY THE COURT:

HON. PAMELA PEPPER
**United States District Judge**

5